UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY JOHNSON,<br>    **Plaintiff** | CIVIL ACTION |
| VERSUS | No. 10-3444 |
| BOGALUSA CITY, et al.,<br>    **Defendants** | SECTION "E" |

### ORDER & REASONS

Before the Court is Defendants' motion in limine to exclude Judge Childress's opinions, which Plaintiff opposes.[1] Plaintiff proposes to use the opinions of Judge Childress to establish that his rights under *Brady* were violated. Defendants assert this is improper because (1) Judge Childress's opinions are hearsay, (2) their probative value is substantially outweighed by their prejudicial effect, (3) they are irrelevant, and (4) the Court may not take judicial notice of them.

As the Court concludes in a related order, the factual findings and legal conclusions in Judge Childress's opinions have preclusive effect in this litigation.[2] Accordingly, the opinions are not hearsay, they are relevant, and the Court may take judicial notice of them.[3]

---

[1]   R. Doc. No. 133, 143.

[2]   R. Doc. No. 188.

[3]   Even if they were hearsay, "the statement has equivalent circumstantial guarantees of trustworthiness" to the exceptions in Federal Rules of Evidence 803 and 804 (particularly Rule 803(8)), "it is offered as evidence of a material fact," "it is more probative on the point for which it is offered than any other evidence the proponent can obtain through reasonable efforts," and "admitting it will best serve the purposes of [the Federal

1

Nor can it be said that it is necessarily true that their "probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. They are doubtlessly prejudicial because they detail how Defendants violated Johnson's constitutional rights, but they are not "unfairly prejudicial." *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) ("While [Firestone's officer belief that the product will be outlawed in the future was] no doubt 'prejudicial' to Firestone's cause, it does not strike us as likely to induce an emotional response on the part of the jury, unless righteous indignation be classed as such. On the contrary, DiFederico's memo reveals a very rational and calculated approach to corporate decision-making that a jury should have no difficulty understanding and evaluating. If the jury's reaction is not a favorable one, then Firestone and DiFederico have only themselves to blame.").

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' motion in limine to exclude Judge Childress's opinions is **DENIED**.

**New Orleans, Louisiana, this 21st day of August, 2013.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

Rules of Evidence] and the interests of justice." Fed. R. Evid. 807.