UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY JOHNSON,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-3444** |
| **BOGALUSA CITY, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER & REASONS

Before the Court is Plaintiff's motion for partial summary judgment, which asks that the state court judgment finding a *Brady* violation in his case be given preclusive effect in this litigation. Defendants oppose the motion.[1] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

In 1986, Plaintiff Anthony Johnson was convicted of the second degree murder of his girlfriend. In 2007, after more than 20 years in prison, his conviction was vacated on the basis of newly discovered DNA evidence and the failure of prosecutors to turn over exculpatory witness evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

In this case, Johnson sues the current and former district attorneys of the 22nd Judicial District of Louisiana ("22nd JDDA"), who prosecuted him, in their official capacities (collectively, the "Defendants").[2] He asserts a claim against all of them under 42

---

[1]  R. Doc. No. 141.

[2]  Plaintiff dismissed his individual capacity claims at the hearing on this motion, R. Doc. No. 183, and also indicated he would dismiss the 22nd

1

U.S.C. § 1983 for an unconstitutional policy, custom, or practice relating to *Brady* material and/or deliberate indifference to the need to train and supervise the DAs who prosecuted him.

In order to prevail on his claims, Johnson must first show that there was a *Brady* violation in his case. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690–91 (1963). Because this issue was actually litigated and decided in the state court proceedings that resulted in his release, Johnson seeks by this motion to preclude Defendants from relitigating it. He asserts that "[p]recluding relitigation prevents inefficient use of the courts' resources . . . and helps maintain respect for the judicial [process] by guarding against inconsistent decisions," *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 666 So. 2d 624, 631 (La. 1996), and that Louisiana law "provides a broad application of res judicata to foster judicial efficiency and protect litigants from duplicative litigation." *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 810 (5th Cir. 2000). The Court agrees, and Defendants will be precluded from relitigating whether Johnson suffered a *Brady* violation—an issue not only litigated, but extensively litigated, in the state trial court and appellate courts.

## STANDARD OF LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to

---

JDDA's office as a separate defendant because it is not a juridical entity. Had he not, the Court would have been required to do so anyhow. *See Collins v. Drake*, 2009 WL 653053, at *5 (E.D. La. Jan. 30, 2009) ("Louisiana law does not recognize a district attorney's office as a juridical entity, although a claim may be brought against a district attorney in his official capacity." (citing *Riley v. Evangeline Parish Sheriff's Office*, 637 So.2d 395 (La. 1994))).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Id.* at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325. The nonmoving party must then respond, either by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party" or by coming forward with additional evidence. *Celotex*, 477 U.S. at 332-33 & 333 n.3.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a

material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## ANALYSIS

Federal courts are required to give a state court judgment the same preclusive effect the state courts where judgment was entered would give it. 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982). The state court judgment at issue was entered by a Louisiana state court, so Louisiana law governs its preclusive effect.

"In Louisiana, res judicata embraces both claim preclusion and issue preclusion, and thus 'has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided.'" *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 388 (quoting *In re Interdiction of Stephens*, 930 So.2d 1222, 1226 (La. Ct. App. 2006)). The first form of res judicata, which in the federal system is called "claim preclusion," is not at issue here. The second form, referred to as "collateral estoppel" or "issue preclusion," is. Louisiana law sets out the issue preclusive effect of a judgment as:

> a valid and final judgment is conclusive between the same parties except on

> appeal or other direct review, to the following extent:
> . . . .
> (3) A judgment in favor of either the plaintiff or defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. § 13:4231.

Courts have interpreted this provision to require four showings: "(1) the parties must be identical; (2) the issue to be precluded must be identical to that involved in the prior action; (3) the issue must have been actually litigated; and (4) the determination of the issue in the prior action must have been necessary to the resulting judgment." *In re Keaty*, 397 F.3d 264, 270–71 (5th Cir. 2005). "Moreover, this circuit has held that because [Louisiana's res judicata statute] is modeled on federal doctrine and the *Restatement of Judgments*, we can consult federal jurisprudence for guidance when interpreting it." *Id.* at 271.

The judgment at issue was entered On July 24, 2009, by Judge Raymond S. Childress of Louisiana's 22nd Judicial District Court. Rec. Doc. No. 159-3, Exh. K. It is captioned "Judgment Upon Rehearing of *Brady* and Ineffective Assistance of Counsel Claims," and concludes in relevant part after analyzing Plaintiff's *Brady* claims: "For the above reasons, the court concludes that the failure to disclose the exculpatory and impeachment evidence directly impacted the fundamental fairness of the proceedings in such a material way that had it been disclosed prior to trial, there is a reasonable probability of defendant's acquittal." R. Doc. No. 159–3, Exh. K. It is this holding, along with the state court's resolution of the disputed subsidiary issues of fact and law, that Plaintiff asks be given preclusive effect.

Defendants do not dispute that the *Brady* issue was "actually litigated" or that its

5

determination was "necessary to the resulting judgment." Instead, they assert that Judge Childress's grant of relief is not a final judgment for purposes of issue preclusion and that the parties are not identical.

### 1. Finality of Judgment

Judge Childress's grant of relief is clearly a judgment. As an initial matter, the Court notes that Plaintiff petitioned for relief before Judge Childress under, *inter alia*, Article 930.3(1) ("[t]he conviction was obtained in violation of the constitution of the United States or the state of Louisiana") and Article 930.3(7) ("[t]he results of DNA testing performed pursuant to an application granted under Article 926.1 proves [sic] by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted") of the Louisiana Code of Criminal Procedure. The section governing "Judgment granting or denying relief" based on those claims requires that "[a] copy of the *judgment* granting or denying relief and written or transcribed reasons for the *judgment* shall be furnished to the petitioner, the district attorney, and the custodian." La. Code Crim. P. art. 930.1 (emphases added). It is likely this is the reason Judge Childress captioned his grant of relief as a "Judgment."

Even looking beyond the nomenclature, it is clear Judge Childress's grant of relief is a judgment for purposes of issue preclusion. A judgment is "final" for purposes of preclusion if it "disposes of the merits in whole or in part." La. Rev. Stat. § 13:4231, cmt. d; *Wooley v. State Farm Fire & Cas. Ins. Co.*, 893 So. 2d 746, 771 (La. 2005). Judge Childress's grant of relief did precisely that on Plaintiff's *Brady* claim—there was no other place to litigate its merits except on appeal, and the Louisiana Supreme Court found so little

6

merit in the State's appeal that it denied the State's writ application seeking review.[3] *State v. Johnson*, 23 So. 3d 878, 879 (La. 2009).

Looking to federal law, as the Fifth Circuit has instructed courts may do, strengthens the conclusion that Judge Childress's grant of relief is final for purposes of preclusion. In determining whether a prior adjudication should be considered final, federal courts look to several factors:

- the nature of the decision (whether it was avowedly tentative or whether a reasoned opinion was filed)
- the adequacy of the hearing (whether the parties were fully heard)
- the opportunity for review (whether the decision could have been, or actually was, appealed)

21A *Federal Practice & Procedure* § 51:259.

Each of these factors supports the conclusion that the state court adjudication in Plaintiff's post-conviction relief proceeding is "final." Judge Childress clearly intended his grant of relief to be final rather than tentative, and he filed a reasoned opinion—lengthy by state court standards—to support it. The State had a far more than adequate hearing on its opposition to Plaintiff's claim, even convincing Judge Childress to grant rehearing (which produced the judgment at issue) on a 2007 order granting *Brady* relief, to allow the State more time to brief the issue. Judge Childress's order was appealable, and the State did in fact try to appeal it. The Louisiana Supreme Court denied the State's writ, meaning that the issue whether Plaintiff was entitled to a new trial because there was a *Brady* violation is "immune, as a practical matter, to reversal or amendment." *United States v. Sherman*, 912

---

[3] It is the merits of the *Brady* claim, rather than the merits of Plaintiff's guilt or innocence, that is at issue. Accordingly, Defendants' insistence that "Under the Louisiana Code of Criminal Procedure, The Only Trial on the Merits is a 'Trial on the Issue of Guilt or Innocence'" is irrelevant.

F.2d 907, 909 (7th Cir. 1990). It hardly seems controversial that the collective decision of the state courts to *undo a conviction* on the basis of *Brady*—an extraordinary form of relief—should be entitled to preclusive effect. *See Gross v. Heikien*, 957 F.2d 531, 533 (9th Cir. 1992) ("[U]nder the full faith and credit statute, collateral estoppel must inevitably apply when state post-conviction proceedings and federal § 1983 actions raise the same issues.").

Defendants ignore these well settled principles of law and instead rely on a single case from another district, *Burrell v. Adkins*, 2008 WL 130800 (W.D. La. Jan. 10, 2008), to support their claim that Judge Childress's judgment is not a final judgment for purposes of issue preclusion. In *Burrell*, the Section 1983 plaintiff had requested (and been granted) a new trial on *Brady* grounds before being sentenced, relying on Article 851(3) of the Louisiana Code of Criminal Procedure. Unlike in Plaintiff's case, the *Brady* issue was not necessary to the state court's decision to grant a new trial under Article 851(3).

Under Article 851(3), a new trial may be granted whenever "[n]ew and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty." Nowhere is there a requirement, as under *Brady*, that the new evidence be "known to the [State] or in its possession." *Strickler v. Greene*, 537 U.S. 263, 280–81 (1999). Accordingly, it could not have been essential to the state court's decision to grant a new trial in *Burrell* that the evidence was in the State's possession. Without that, it cannot be said that any *Brady* determination was necessary to the state court's judgment. By contrast, in Plaintiff's post-conviction proceeding, relief could only be granted if he had in fact proven

8

all the elements of the *Brady* claim he asserted. *See* La. Code Crim. P. art. 930.3(1). The *Burrell* decision is distinguishable from the case now before the Court.

### 2. Identical Parties

Defendants also assert that the proceedings before Judge Childress and these proceedings do not involve the same parties, citing Louisiana law that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Burguieres v. Pollingue*, 843 So. 2d 1049, 1054 (La. 2003). Defendants would have a point if Plaintiff had not dismissed his individual capacity claims against them, but he has.[4] Now, Defendants appear in this suit only in their official capacities, which is the same capacity in which they appeared in the state court proceeding. That the state court proceeding was nominally captioned against the warden of the facility where Plaintiff was held is irrelevant. "Although the Code [of Criminal Procedure] retains the fiction that the custodian is the opposing party, in cases of post-conviction challenges, the prosecutor who sought and secured the challenged conviction is really the opposing party." Cheney C. Joseph, Jr., *Capital Sentencing Hearing—Plain Error*, 41 La. L. Rev. 625, 635 (1981); *see* La. Code Crim. P. art. 927(A) ("[T]he court shall order the custodian, through the district attorney in the parish in which the defendant was convicted, to file any procedural objections he may have, or an answer on the merits.").

In any event, the parties need not in fact actually be identical. *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1026 (5th Cir. 2012) ("The four prerequisites for the application of

---

[4] R. Doc. No. 183.

res judicata are: (1) the parties must be identical in both suits, or in privity . . . ." (citing *Schneidau v. Vanderwall*, 17 So.3d 61, 64 (La. Ct. App.2009) & La. Rev. Stat. § 13:4231)). "[T]he preclusive effect of a judgment binds the parties to the action and nonparties who are deemed the privies of the parties in these limited circumstances: (1) the nonparty is the successor in interest of a party; (2) the nonparty controlled the prior litigation; *or* (3) the nonparty's interests were adequately represented by a party to the action who may be considered the virtual representative of the nonparty because the interests of the party and the nonparty are so closely aligned." *Bandaries v. Cassidy*, 86 So. 3d 125, 130 (La. Ct. App. 2012) (internal quotation marks omitted) (emphasis added). The Defendants, who when sued in their official capacities are merely representatives of the 22nd JDDA, *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999), clearly "controlled the prior litigation." Moreover, the test for privity is disjunctive, and the interest of Defendants in their official capacities—disproving a *Brady* violation—were adequately represented by the warden. His interest, which they represented, was identical.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is **GRANTED**. The issue whether a *Brady* violation occurred in his case, along with all of Judge Childress's findings and conclusions necessary to his determination that there was, shall not be relitigated in this case. They are taken as true.

**New Orleans, Louisiana, this 21st day of August, 2013.**

                                          _____
                                                  **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**